# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA ANDRADE PENA,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>  Defendant. | Case No. CV 10-5704-SP<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.
## INTRODUCTION

On August 5, 2010, plaintiff Teresa Andrade Pena filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of disability insurance benefits ("DIB") and supplemental security income ("SSI"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

A single disputed issue is presented for decision here: whether the Administrative Law Judge ("ALJ") properly evaluated plaintiff's subjective

complaints. Joint Stipulation ("JS") at 3-6, 6-10, 10-11.

Having carefully studied, inter alia, the parties' joint stipulation and the administrative record, the court concludes that, as detailed herein, the ALJ inappropriately discounted plaintiff's credibility and her subjective complaints. Specifically, the ALJ improperly rejected plaintiff's credibility based primarily on the lack of supporting objective medical evidence. To the extent the ALJ rejected plaintiff's credibility based upon the supposedly conservative nature of plaintiff's treatment, such finding is not supported by substantial evidence in the record. The court therefore remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was 34 years old on the date of her January 21, 2010 administrative hearing, has a ninth grade education. *See* Administrative Record ("AR") at 29, 30, 31. Her past relevant work includes employment as a retail sales person, bakery helper, cashier II, tagger, teacher's aide, and retail cashier/stocker. *Id.* at 25, 31-34, 44.

On April 21, 2008, plaintiff filed applications for DIB and SSI, alleging that she has been disabled since January 28, 2008 due to lower back pain, pain in the arms and leg, and migraine headaches. *See* AR at 19, 54, 106-09, 110-13. Plaintiff's applications were denied initially and upon reconsideration, after which she filed a request for a hearing. *Id.* at 47, 48, 52, 53, 54-58, 59, 60-64, 66-68.

On January 21, 2010, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. AR at 30-38. The ALJ also heard testimony from Arthur Brovender, M.D., a medical expert ("ME"), and Heidi Paul, Ph.D., a vocational expert ("VE"). *Id.* at 38-43, 43-45, 101, 102. On February 1, 2010, the ALJ denied plaintiff's request for benefits. *Id.* at 19-26.

Applying the well-known five-step sequential evaluation process, the ALJ

found, at step one, that plaintiff has not engaged in substantial gainful activity since her alleged onset date of disability. AR at 21.

At step two, the ALJ found that plaintiff suffers from severe impairments consisting of "chronic low back pain, migraine headaches and bilateral leg pain." AR at 21 (emphasis omitted).

At step three, the ALJ determined that the evidence does not demonstrate that plaintiff's impairments, either individually or in combination, meet or medically equal the severity of any listing set forth in the Social Security regulations.[1] AR at 22.

The ALJ then assessed plaintiff's residual functional capacity[2] ("RFC") and determined that she can perform less than the full range of sedentary work with the following limitations: "lift/carry 20 pounds occasionally and 10 pounds frequently"; "stand/walk a total of 4 hours in an 8-hour workday"; "sit 6 hours in an 8-hour workday, with normal breaks"; and "engage in occasional postural activities, but cannot climb ladders, ropes, or scaffolds." AR at 22 (emphasis omitted).

The ALJ found, at step four, that plaintiff lacks the ability to perform her past relevant work. AR at 25.

At step five, based upon plaintiff's vocational factors and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform." AR at 25 (emphasis omitted). Thus, the ALJ concluded that plaintiff was not suffering from a disability as defined by the Social Security

---

[1] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[2] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

1 Act. *Id.* at 19, 26.

2 Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. AR at 6-8, 9-10. The ALJ's decision stands as the final decision of the Commissioner.

## III.
## **STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

///

## IV.

## DISCUSSION

Plaintiff argues that "the ALJ failed to set forth legally sufficient reasons for rejecting her subjective complaints." JS at 4. Specifically, plaintiff maintains that the ALJ "failed to set forth clear and convincing reasons for discounting [her] subjective complaints." *Id.* at 11. The court agrees.

### A. The ALJ Must Provide Clear and Convincing Reasons for Discounting Plaintiff's Subjective Complaints

Plaintiff carries the burden of producing objective medical evidence of his or her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). But once a plaintiff meets that burden, medical findings are not required to support the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); *see also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("claimant need not present clinical or diagnostic evidence to support the severity of his pain" (citation omitted)).

Instead, once a plaintiff has met the burden of producing objective medical evidence, an ALJ can reject a plaintiff's subjective complaint "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton*, 331 F.3d at 1040. The ALJ may consider the following factors in weighing a plaintiff's credibility: (1) his or her reputation for truthfulness; (2) inconsistencies either in the plaintiff's testimony or between the plaintiff's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Here, the ALJ did not find evidence of malingering. *See generally* AR at 19-26. Thus, in rejecting plaintiff's credibility the ALJ was required to articulate clear

1 and convincing reasons.  *See Benton*, 331 F.3d at 1040.

   B. <u>The ALJ Improperly Rejected Plaintiff's Subjective Complaints</u>

   The court is persuaded that the ALJ failed to provide clear and convincing reasons for rejecting plaintiff's credibility.  First, the ALJ erred to the extent he rejected plaintiff's credibility based only on a lack of objective medical evidence to support the severity of her impairments.  *See* AR at 22-24.  Plaintiff provided sufficient medical evidence of her underlying back impairment that was reasonably likely to produce the symptoms she described.  *Id.* at 213 (magnetic resonance imaging ("MRI") of plaintiff's lumbar spine on April 24, 2008 revealed diffuse disc bulging at L4-5 measuring 2-3 mm with slightly greater left paracentral extension abutting the exiting left L5 nerve root without neural foraminal compromise), 323 (an April 14, 2009 neurological examination note revealed "[d]ecreased strength in all the extremities," "weakness, numbness, and cramps in the hands and legs," and "[l]umbar L4-5 disc bulge with L5 neural compression), 301 (in an October 12, 2009 neurological consultative examination note, Daniel Won-Chul Chang, M.D. diagnosed plaintiff with "possible lumbar stenosis with radiculopathy and neurogenic claudication +/- Fibromyalgia"; Dr. Chang also noted that plaintiff's lumbar spine showed L4-5 disc protrusion with formainal stenosis and recommended epidural injections), 311 (Maria Elena Rodriguez, M.D., in a medical examination note dated January 12, 2010,  diagnosed plaintiff with lumbarsacral neuritis).

   Plaintiff also provided sufficient medical evidence of her migraine headaches.  Although the ALJ noted the "records show that [plaintiff] has had headaches since she was young, and that they were merely aggravated by her injury in January 2008" (AR at 24), both Dr. Chang and Dr. Rodriguez diagnosed plaintiff with migraine headaches, albeit on scant evidence.  *See id.* at 301 (in an October 12, 2009 neurological consultative examination note, Dr. Chang diagnosed plaintiff with migraine headaches), 302 (in a January 7, 2010 Headaches Residual Functional

1  Capacity Questionnaire, Dr. Rodriguez diagnosed plaintiff with migraine
2  headaches). Plaintiff's migraines were also noted in the report by the State Agency
3  medical consultant (*id.* at 258), to which the ALJ gave great weight (*id.* at 24).
4  Although plaintiff did not report the migraines to the orthopaedic consultative
5  examiner in June 2008 (*id.* at 24, 245-50), this is an insufficient basis to discount
6  plaintiff's credibility as to her migraines, given the other information in the record.

      Because plaintiff produced sufficient medical evidence of underlying impairments that are likely to cause some degree of her alleged symptoms, the ALJ erred to the extent he rejected plaintiff's credibility based solely upon a lack of objective findings to support her allegations. *See Bunnell*, 947 F.2d at 345 ("once the claimant produces objective medical evidence of an underlying impairment, [the ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain" (citation omitted)); Social Security Ruling ("SSR") 96-7P,[3] 1996 WL 374186, at *1 (claimant's "statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence").

      Second, the ALJ's other stated basis for his credibility finding – that plaintiff's subjective complaints are inconsistent with her conservative treatment – is not supported by substantial evidence. Although "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an

---

[3] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the [Social Security Administration]. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001) (internal citations omitted).

impairment" (*Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citation omitted)), the ALJ's finding must ultimately be supported by substantial evidence in the record. *See Aukland*, 257 F.3d at 1035. Here, the ALJ found that plaintiff "received relatively mild and conservative treatment" for her back and leg pain, which is not indicative of disability-level impairments. AR at 23. But while it is true that plaintiff was only given pain medication and recommended physical therapy as part of her treatment regimen (*see id.* 23-24, 267-300, 301, 332), more recent medical evidence suggests less conservative treatment.

For instance, on October 12, 2009, Dr. Chang recommended epidural injections, as the ALJ noted in his decision. AR at 301; *see, e.g.*, *Yang v. Barnhart*, 2006 WL 3694857, at *4 (C.D. Cal. 2006) (ALJ's finding that claimant received conservative treatment was not supported by substantial evidence when claimant was treated with several pain medications and underwent physical therapy and epidural injections). The ALJ disregarded this evidence because it did "not appear [plaintiff] ha[d] actually received an injection." AR at 23-24. But at the January 2010 administrative hearing – less than three months after Dr. Chang recommended epidural injections – plaintiff's attorney explained that plaintiff had not received any injections because she was awaiting approval for the injections. *Id.* at 37. A claimant's failure to seek treatment due to inability to pay cannot support an adverse credibility determination. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). Thus, the record does not support the ALJ's negative credibility finding on this basis.

Accordingly, the court finds that the ALJ failed to provide clear and convincing reasons, supported by substantial evidence, for discounting plaintiff's subjective complaints of pain and limitation.

## V.

## **REMAND IS APPROPRIATE**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d

1   599, 603 (9th Cir. 1989).  Where no useful purpose would be served by further
2   proceedings, or where the record has been fully developed, it is appropriate to
3   exercise this discretion to direct an immediate award of benefits.  *See Benecke v.*
4   *Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172,
5   1179-80 (9th Cir. 2000) (decision whether to remand for further proceedings turns
6   upon their likely utility).  But where there are outstanding issues that must be
7   resolved before a determination can be made, and it is not clear from the record that
8   the ALJ would be required to find plaintiff disabled if all the evidence were properly
9   evaluated, remand is appropriate.  *See Benecke*, 379 F.3d at 595-96; *Harman*, 211
10  F.3d at 1179-80.
11       Here, as set out above, remand is required because the ALJ erred in failing to
12  properly evaluate plaintiff's credibility.  On remand, the ALJ shall reconsider
13  plaintiff's subjective complaints with respect to her physical impairments and the
14  resulting limitations, and either credit plaintiff's testimony or provide clear and
15  convincing reasons supported by substantial evidence for rejecting them.  In
16  addition, if necessary, the ALJ shall obtain additional information and clarification
17  regarding plaintiff's functional limitations.  The ALJ shall then proceed through
18  steps four and five to determine what work, if any, plaintiff is capable of performing.

## VI.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

DATED: November 4, 2011



_____
HON. SHERI PYM
UNITED STATES MAGISTRATE JUDGE